IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAWN M. CHARBONNEAU, )
)
Plaintiff, )
) Case No.: 2:15-CV-05313-CMR
vs. )
)
EQUIFAX INFORMATION SERVICES, )
LLC, et al. )
)
Defendants. )

**RULE 26(f) MEETING REPORT**

In accordance with Federal Rule of Civil Procedure 26(f), and this Court's Order of December 16, 2015, counsel for the Parties have conferred and submit the following report of their meeting for the court's consideration:

1. **Discussion of Claims, Defenses and Relevant Issues**

Plaintiff:

Plaintiff brings this action for damages against Equifax Information Services, LLC. (hereinafter "Equifax"), Experian Information Solutions, Inc. (hereinafter "Experian"), Trans Union, LLC, (hereinafter "Trans Union"), Great Lakes Educational Loan Services, Inc. (hereinafter "Great Lakes"), and DTE Energy Co. ("DTE") alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, among other consumer laws for the Defendants' failure to assure the maximum possible accuracy of Plaintiff's consumer credit files, and for collecting on a debt against the wrong individual. Specifically, Plaintiff alleges that Trans Union, Experian, and Equifax, placed erroneous trade lines on Plaintiff's credit

report, in addition to placing incorrect names, dates of birth, and social security numbers. Plaintiff further alleges that DTE and Great Lakes continuously furnished false information to the credit bureaus regarding debts that were not owed by Plaintiff.

As a result of Defendants' inaccurate reporting, Plaintiff experienced damage to her credit reputation, and as a result was repeatedly denied a mortgage, resulting in emotional distress and actual damages. Plaintiff seeks statutory, actual and punitive damages, as well as her costs of the action together with reasonable attorney's fees once she is successful in establishing liability.

Defendant Equifax:

Equifax is a consumer reporting agency as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA") and at all times acted in compliance with the FCRA. Equifax denies each and every allegation in Plaintiff's Complaint as they pertain to Equifax, except for those expressly admitted, and hereby adopts its Answer and Affirmative Defenses. The Fair Credit Reporting Act is not a strict liability statute. At all times, Equifax maintained reasonable procedures to assure the maximum possible accuracy of information contained in Plaintiff's credit files and credit reports. Furthermore, Equifax conducted proper and reasonable reinvestigations of the information disputed by Plaintiff, updated any information on the Plaintiff's file as appropriate and necessary and informed Plaintiff of the results of same.

At all times, Equifax acted in good faith and without malice or intent to injure the Plaintiff. Equifax is not liable for any actual, emotional, noneconomic or any other damages

alleged by Plaintiff. Moreover, Plaintiff cannot provide sufficient evidence to maintain her claim for punitive damages against Equifax.

Equifax's investigation of the underlying facts in this case is ongoing and Equifax reserves the right to supplement this statement as additional information and facts are ascertained.

Defendant Equifax will need discovery on the following:

(a) The allegations made in Plaintiff's complaint;

(b) The facts and circumstances of the underlying disputed account, including Plaintiff's disputes with Equifax and U.S. Bank;

(c) Plaintiff's alleged damages, including any third parties who have allegedly denied Plaintiff credit;

(d) Any expert testimony identified by Plaintiff.

Defendant Experian:

Defendant Experian Information Solutions, Inc., is a consumer reporting agency that undertakes extensive efforts to protect consumers and ensure the most accurate credit reporting possible. Experian contends that it complied with the Fair Credit Reporting Act in all respects, and that it maintained and continues to maintain reasonable procedures to assure maximum possible accuracy in connection with the preparation of Plaintiff's credit reports and any required investigation(s) or reinvestigation(s) thereof. Experian's conduct also met any applicable standard of care imposed by state tort law. With respect to this particular case, Experian contends that it reported Plaintiff's credit information reasonably, acted reasonably in response to any reinvestigation requests purportedly made by Plaintiff and/or persons acting on her behalf,

and that its conduct in doing do satisfied any applicable common-law duties. Experian is therefore not liable to Plaintiff under either the federal Fair Credit Reporting Act or state tort law for any injury that she has allegedly suffered.

<u>Defendant Experian will need discovery on the following:</u>

(a) The allegations made in Plaintiff's complaint;

(b) The facts and circumstances of the underlying disputed account, including Plaintiff's disputes with Experian and with any credit furnisher whose account contained information that Experian allegedly (i) reported inaccurately and/or (ii) failed to conduct a reasonable investigation of after being disputed by Plaintiff;

(c) Plaintiff's alleged damages, including discovery from any third parties who have allegedly denied Plaintiff credit;

(d) Any expert testimony identified by Plaintiff.

<u>Defendant Trans Union:</u>

Defendant Trans Union: Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency as that term is defined by the FCRA, and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

<u>Defendant Trans Union will need discovery on the following:</u>

(a) The allegations made in Plaintiff's complaint;

(b) The facts and circumstances of the underlying disputed account, including Plaintiff's disputes with Trans Union and with any credit furnisher whose account contained information regarding which Trans Union (i) allegedly reported inaccurately and/or (ii) failed to conduct a reasonable investigation after being disputed by Plaintiff;

(c) Plaintiff's alleged damages, including any third parties who have allegedly denied Plaintiff credit;

(d) Any expert testimony identified by Plaintiff.

Defendant Great Lakes Educational Loan Services, Inc.:

Defendant Great Lakes Educational Loan Services, Inc. ("Great Lakes") is a student loan servicer that allegedly furnished information about Plaintiff to the credit reporting agencies. Great Lakes complied with its obligations under the FCRA as well as any relevant state law. To the extent Plaintiff may have sustained any cognizable damages, it was not as a result of any act or omission by Great Lakes.

Great Lakes will need discovery on the following:

(a) The allegations made in Plaintiff's complaint;

(b) Plaintiff's alleged damages, including any third parties who have allegedly denied Plaintiff credit; and

(c) Any expert testimony identified by Plaintiff.

2. **Informal Disclosures**

The parties will serve their initial disclosures by January 6, 2016.

3. **Discovery Plan**

Amended pleadings to be completed by March 6, 2016.

Factual discovery to be completed by August 5, 2016.

Plaintiff's expert reports due by August 5, 2016.
Defendants' expert reports due by September 5, 2016.

Expert discovery to be completed by October 5, 2016.

Dispositive motions due by September 5, 2016.
Plaintiff's Pretrial Memorandum due by March 13, 2017.

Defendants' Pretrial Memorandum due by March 20, 2017.

Pretrial conferences set for March 27, 2017.

Case ready for trial by April 11, 2017.

4. **Early Settlement or Resolution**

The parties agree that a settlement conference may be helpful in this matter 30 days prior to the completion of fact discovery.

Dated: December 28, 2015

**GOLD & FERRANTE, P.C.**

/s/ Alexander R. Ferrante
Alexander R. Ferrante, Esquire
917 Sturgis Lane
Lower Gwynedd, PA  19002
(215) 872-5127
E-Mail: aferrante1@verizon.net

*Attorney for Plaintiff*