IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN M. CHARBONNEAU, | : | C.A. NO. 2:15-cv-05313-CMR |
| Plaintiff, | : | |
| v. | : | |
| EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, GREAT LAKES EDUCATIONAL LOAN SERVICES, INC., ABC CORPS. 1-10, | : | |
| Defendants. | : | |

**DEFENDANT GREAT LAKES EDUCATIONAL LOAN SERVICES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Pursuant to this Court's Policies & Procedures and Federal Rule of Civil Procedure 12(b)(6), Defendant Great Lakes Educational Loan Services, Inc. ("Great Lakes"), by its undersigned counsel, respectfully submits this Reply in support of its Motion to Dismiss Plaintiff Dawn M. Charbonneau's ("Plaintiff") First Amended Complaint ("FAC").

**ARGUMENT**

In its opening brief, Great Lakes demonstrated that this Court should dismiss Count Sixteen of the FAC to the extent it asserts claims for a willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"), because Plaintiff has not pled facts sufficient to sustain a finding of willfulness. Great Lakes also demonstrated that this Court should dismiss Plaintiff's Count Seventeen, which alleges a violation of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270, *et seq.* (the "FCEUA"), because it is preempted by the FCRA. *See* Doc. 30.

Plaintiff's Response does not change this conclusion. First, Plaintiff points to material outside of the FAC in an attempt to argue that her claim for a willful violation of the FCRA should withstand the Motion. Second, Plaintiff fails to address relevant authority on the issues of preemption.

1. The FCRA Claim for Willfulness Cannot be Saved.

Plaintiff concedes, as she must, that, in order to sustain a claim for a willful violation of the FCRA, she must plead facts in her FAC which show that that Great Lakes knowingly and intentionally acted in conscious disregard of the rights of others. *Compare* Motion to Dismiss at 6 *with* Response at 3 (both citing *Cushman v. Trans Union Corp.*, 115 F.3d 220 (3d Cir. 1997)).

Because Plaintiff's FAC cannot meet this standard, Plaintiff resorts to two improper tactics to avoid dismissal. First, Plaintiff goes outside the four corners of her own FAC regarding the alleged lack of an investigation. *See* Response at 2 ("Thereafter, not until Plaintiff filed the instant action did Great Lakes properly conduct a reasonable investigation after which Great Lakes properly removed the erroneous trade lines"); 5 ("Further, despite Plaintiff's continuous disputes, Great Lakes continuously failed to conduct a reasonable investigation for nearly eight (8) months, until the filing of this action"). The law forbids such maneuvering. *See Vullings v. Trans Union, LLC*, No. 15-2814, 2015 WL 4130784, at *1, 3 (E.D. Pa. July 9, 2015) (Bartle, J.) (noting that, on a motion to dismiss under Rule 12(b)(6), the court may only consider "'allegations contained in the complaint, exhibits attached to the complaint and matters of public record'" and is barred from considering matters outside the complaint, and excluding from consideration statements in plaintiff's responsive brief) (citations omitted). This Court should do the same and disregard Plaintiff's statements that fall outside her FAC.

Plaintiff also concedes in her Response that the FCRA claim is premised upon a fishing expedition. She says that "discovery will uncover the *necessary* element" for her claim because discovery "*may* uncover" "[f]lawed policies" at Great Lakes. Response at 5-6 (emphasis added). Similar efforts in other cases have been rightly rejected by this Court. *See Bergin v. Teamsters Local Union No. 77*, No. 10-2289, 2011 WL 486230, at *2 (E.D. Pa. Feb. 4, 2011) (Rufe, J.) (noting that plaintiff lacked the necessary facts to state a claim and rejecting plaintiff's effort to "seek out the facts needed to bring a legally sufficient complaint [because that is] barred by the pleading clarifications in *Iqbal* and *Twombly*"). Even assuming *arguendo* that "flawed policies" would amount to an FCRA violation – which they would not – Plaintiff should not be permitted to fish for those policies through her FAC. Because it should ignore allegations outside the FAC, and because it should not permit Plaintiff to use her FAC as a discovery tool, the Court should dismiss Plaintiff's claim for a willful violation of the FCRA.

2. The FCEUA Claim Cannot be Saved.

Plaintiff's FCEUA claim fairs no better than her claim for a willful violation of the FCRA for two independent reasons. First, Plaintiff continues in her failed game of semantics. In much of her FAC and Response, Plaintiff submits that Great Lakes reported inaccurate information on her by "plac[ing] three erroneous trade lines on Ms. Charbonneau's credit report, none of which belonged to her." Response at 2. However, elsewhere in the Response, Plaintiff argues that Great Lakes made efforts to "collect" a debt. *See* Response at 8. Simply put, Plaintiff is describing the same alleged conduct with different terms in her attempt to shoehorn FCRA-based facts into the statutory scheme of the FCEUA, and this Court should reject her efforts.

Second, Plaintiff spends a great deal of space discussing the supposed "different approaches" to analyzing preemption under the FCEUA. However, the one case upon which Plaintiff relies for her "temporal" argument (Response at 9) – *Kane v. Guar. Residential Lending, Inc.*, No. 04-4847, 2005 WL 1153623 (E.D.N.Y. May 16, 2005) – has been rejected by the Court. *Manno v. Am. Gen. Finance Co.*, 439 F. Supp. 2d 418, 427 (E.D. Pa. 2006) (Brody, J.) ("I disagree with both premises on which the temporal approach is based."). Furthermore, Plaintiff *entirely ignores* the cases from the Court that post-date both *Kane* and *Manno* that have held that "§ 1681t(b)(1)(F) of the FCRA preempts plaintiff's state statutory FCEUA claim." *Goins v. MetLife Home Loans*, No. 12-CV-6639, 2014 WL 5431154, at *7 (E.D. Pa. Oct. 24, 2014) (Caracappa, M.J.); *see also Vullings*, 2015 WL 4130784, at *4 ("[i]t is clear that the FCRA's preemption provision compels dismissal of [plaintiff's] state statutory claims," including those under the FCEUA). As set forth in Great Lakes' opening brief, Plaintiff's FCEUA claim is based upon the same allegations as her FCRA claim and is preempted by § 1681t(b)(1)(F) of the FCRA.

## CONCLUSION

For all of the foregoing reasons, as well as those stated in its original Motion to Dismiss, Defendant Great Lakes Educational Loan Services, Inc., respectfully requests that this Court grant its Motion and Dismiss Count Sixteen of the FAC to the extent it asserts a willful violation of the FCRA, and Count Seventeen of the FAC, together with any claims for punitive damages.

Dated:  February 11, 2016            Respectfully submitted,

                                        <u>/s/ Samantha L. Southall</u>
Samantha L. Southall, Esquire
Pa. I.D. No. 80709
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
Tel. (215) 665-8700
Fax (215) 665-8760
samantha.southall@bipc.com

*Attorneys for Defendant Great Lakes Educational Loan Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served this 11th day of February, 2016, upon counsel of record via the Court's ECF filing system.

                                        */s/* Samantha L. Southall
                                        Samantha L. Southall