UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN M. CHARBONNEAU,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES,<br>LLC, GREAT LAKES EDUCATIONAL<br>LOAN SERVICES, INC., LEXIS NEXIS<br>GROUP, FALLS COLLECTION SERVICE<br>INC., AMCOL SYSTEMS INC.,<br>TRANSWORLD SYSTEMS INC., and<br>AMERICOLLECT, INC.<br><br>_____Defendants._____ | Case No.: 2:15-CV-05313-CMR<br><br><br>SECOND AMENDED COMPLAINT |

**COMPLAINT**

Plaintiff, Dawn M. Charbonneau (hereinafter "Plaintiff"), by and through her undersigned attorney, hereby sues Defendants, Equifax Information Services, LLC. (hereinafter "Equifax"), Great Lakes Educational Loan Services, Inc. (hereinafter "Great Lakes"), Lexis Nexis Group ((hereinafter "Lexis"), Falls Collection Service Inc. (hereinafter "Falls"), Amcol Systems Inc. (hereinafter "Amcol"), Transworld Systems Inc. (hereinafter "TSI"), and Americollect Inc. (hereinafter "Ameri") (collectively hereinafter "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for damages arising from numerous erroneous trade lines and collection attempts against Plaintiff that have resulted in drastically lowering Plaintiff's credit score and preventing her from obtaining lines of credit from various banking institutions.

## JURSIDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1692 and supplemental jurisdiction under 28 U.S.C. § 1367.

3.     Venue is proper in this district under 28 U.S.C §1191(b).

## PARTIES

4.     Plaintiff, Dawn M. Charbonneau, is a natural person, who at all relevant times has resided in Thorndale, Pennsylvania 19372.

5.     Defendant Equifax Information Services, LLC. is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 1550 Peachtree Street NW, Atlanta, GA 30309.

6.     Defendant Great Lakes Education Loan Services Inc. is a business entity that regularly conducts business in Pennsylvania with its principal place of business as 2401 International Lane Madison, Wisconsin 53704.

7.     Defendant Lexis Nexis Group is a business entity that regularly conducts business in Pennsylvania with its principal place of business 230 Park Ave Viaduct #7, New York, NY 10017.

8.     Defendant Falls Collection Service is a business entity that regularly conducts business in Pennsylvania with its principal place of business N114 W19225 Clinton Drive Germantown, WI 53022.

9.     Defendant Amcol Systems Inc. is a business entity that regularly conducts business in Pennsylvania with its principal place of business 111 Lancewood Rd, Columbia, SC 29210.

10.     Defendant Americollect Inc., is a business entity that regularly conducts business in Pennsylvania with its principal place of business 1851 S Alverno Rd, Manitowoc, WI 54220.

11.     Defendant Transworld Systems Inc. is a business entity that regularly conducts business in Pennsylvania with its principal place of business 507 Prudential Road Horsham, Pennsylvania 19044.

## FACTUAL STATEMENT

12.     Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

13.     The false information includes, but is not limited to, a false bankruptcy filing, a false civil judgment, numerous incorrect names, an incorrect date of birth, an incorrect address, an incorrect social security number, incorrect accounts in collections, and erroneous student loan accounts.

14.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

15.     Equifax has been reporting false and inaccurate credit information and publishing consumer credit reports concerning Plaintiff which it has disseminated to various persons and credit grantors, both known and unknown.

16.     Additionally, some Defendants have engaged in attempts to collect illegitimate debts by placing collections accounts on Plaintiff's credit report.

17.     Great Lakes furnished information concerning erroneous student loan accounts.

18.     Lexis furnished information concerning an erroneous bankruptcy and civil judgment.

3

19.     TSI, Amcol, Falls and Ameri have each attempted to collect a debt from Plaintiff, which was not hers, by furnishing information concerning erroneous medical collection accounts.

20.     In fact, Ameri has placed no less than fourteen (14) erroneous collection accounts on Plaintiff's report.

21.     After review of these inaccuracies by Plaintiff, on or about March 27, 2015, a dispute letter was sent to Equifax disputing the false information.

22.     Upon information and belief, Equifax failed to transmit all of Plaintiff's disputes to the furnishers of the erroneous information.

23.     Alternatively, upon information and belief, Equifax transmitted Plaintiff's dispute of the erroneous trade lines to each of the furnishers.

24.     Upon information and belief, Great Lakes, Lexis, and Ameri failed to properly investigate Plaintiff's disputes, and continued to report the inaccuracies to Equifax.

25.     Further, after receipt of the Plaintiff's March 27 dispute letter, Equifax failed to properly investigate Plaintiff's disputes, in conscious disregard of Plaintiff's rights.

26.     In fact, after the alleged investigation, Plaintiff's credit report still bore inaccurate names, dates of birth, social security numbers, addresses, judgments, bankruptcies, erroneous student loan accounts, and erroneous collection accounts.

27.     After Plaintiff received the inaccurate results of the alleged investigations, further disputes were transmitted to Equifax via phone and mail.

28.     Upon information and belief, Equifax failed to transmit these further disputes to the furnishers on Plaintiff's credit report, in violation of Plaintiff's rights.

29.     Alternatively, Equifax did transmit these further disputes to the furnishers on Plaintiff's report.

4

30.     Upon information and belief, despite these further disputes, Great Lakes, Lexis, and Ameri each continuously failed to properly investigate Plaintiff's disputes, in conscious disregard of Plaintiff's rights.

31.     As a result, Great Lakes continued to report three erroneous trade lines to Equifax, Lexis continued to report another's bankruptcy and judgment to Equifax, and Ameri continued to report erroneous collection accounts to Equifax.

32.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit on different occasions, and Plaintiff has been informed that the basis of these denials was the inaccurate information appearing on Plaintiff's credit report making clear that the inaccurate information was a substantial factor in those denials.

33.     These denials have resulted in actual money losses to Plaintiff.

## COUNT I
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX

34.     Plaintiff repeats the allegations contained in paragraphs 1 through 33 above and incorporates them as if specifically set forth at length herein.

35.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

36.     Said reports contained information about Plaintiff that was false, misleading, and inaccurate including but not limited to erroneous names, erroneous collections accounts, erroneous judgments and erroneous bankruptcies.

5

37.     Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

38.     After receiving Plaintiff's numerous written and oral disputes highlighting the errors, Equifax negligently failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i, and Plaintiff's Equifax report continued to contain numerous inaccuries.

39.     As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

40.     Equifax is liable to Plaintiff for its FCRA violations in an amount to be determined by the trier of fact together with their reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

        WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorney's fees.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX

41.     Plaintiff repeats the allegations contained in paragraphs 1 through 33 above and incorporates them as if specifically set forth at length herein.

42.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

6

43.     Said reports contained information about Plaintiff that was false, misleading, and inaccurate including but not limited to erroneous names, erroneous collections accounts, erroneous judgments and erroneous bankruptcies.

44.     Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

45.     After receiving Plaintiff's numerous  written and oral disputes highlighting the errors, Equifax willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i, and Plaintiff's Equifax report continued to contain numerous inaccuries.

46.     Equifax's conduct demonstrates a reckless disregard for Plaintiff's rights which prevented Plaintiff from obtaining a line of credit for at least eight (8) months.

47.     As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

48.     Equifax is liable to Plaintiff for its FCRA violations in an amount to be determined by the trier of fact together with their reasonable attorney's fees pursuant to 15 U.S.C. § 1681n.


        WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT III
## DEFAMATION BY EQUIFAX

49.     Plaintiff repeats the allegations contained in paragraphs 1 through 33 above and incorporates them as if specifically set forth at length herein.

50.     At the times pertinent hereto, Equifax has published statements to various creditors, prospective credit grantors, other credit reporting agencies and other entities consisting of erroneous information.

51.     Equifax has published these statements each time a credit report has been requested from any creditor, prospective credit grantor, or other source.

52.     The statements made by Equifax are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

53.     Equifax was notified that these statements were false via written letters and oral requests to correct the erroneous information. Plaintiff made clear to Equifax that there was no factual basis for making the erroneous statements.

54.     Despite this, Equifax continues to publish the false and negative statements concerning the Plaintiff's credit history up through the present time.

55.     The written statements and publications constitute libel per se.

56.     The oral statements and publications constitute slander per se.

57.     Despite the repeated notices, Equifax has acted with malice and willful intent to injure by failing to communicate Plaintiff's actual and truthful information to all entities to whom it provides credit information concerning Plaintiff. In this regard, Equifax has knowingly and intentionally committed an act in conscious disregard for the rights of others.

8

58.     Equifax's conduct was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Equifax is liable to compensate Plaintiff for her damages.

        WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Equifax for actual damages, compensatory damages and punitive damages, as well as other relief permitted under the law.

## COUNT IV
## INVASION OF PRIVACY/FALSE
## LIGHT BY EQUIFAX

59.     Plaintiff repeats the allegations contained in paragraphs 1 through 33 above and incorporates them as if specifically set forth at length herein.

60.     Equifax's above actions violated Plaintiff's right of privacy by placing Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends, and the general public, despite being notified, four times, that information being reported by Equifax was false.

61.     By such unauthorized publication and circulation of Plaintiff's name and the inaccurate information, Equifax invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's stellar reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind and caused Plaintiff severe mental and emotional distress.

9

62.      Despite the repeated written and oral notices to Equifax, Equifax has acted with malice and willful to intent to injure by failing to communicate Plaintiff's actual and truthful information to all entities to whom it provides credit information concerning Plaintiff. In this regard, Equifax has knowingly, intentionally, and with reckless disregard committed an act in conscious disregard for the rights of others.

63.      The conduct of Equifax was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Equifax is liable to compensate the Plaintiff for her damages.

        WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Equifax for actual damages, compensatory damages and punitive damages, as well as other relief permitted under the law.

## COUNT V
## NEGLIGENCE BY EQUIFAX

64.      Plaintiff repeats the allegations contained in paragraphs 1 through 33 above and incorporates them as if specifically set forth at length herein.

65.      Equifax owed the following duties to Plaintiff:

        a.  To ensure maximum accuracy in formulating her credit report;

        b.  To reinvestigate Plaintiff's report once Plaintiff informed Equifax of numerous inaccuracies;

        c.  To review and consider all relevant information submitted by Plaintiff regarding the dispute of the inaccurate information on her report;

10

        d.  To provide prompt notice of the inaccurate information and Plaintiff's dispute to the creditors placed on Plaintiff's report; and

        e.  To delete or correct inaccurate information on the report.

66.     On numerous occasions, Plaintiff made clear that Equifax had many inaccuracies placed on her report including her name and date of birth.

67.     Despite Plaintiff's repeated attempts to inform Equifax of the inaccuracies, Equifax breached the above duties and did not correct Plaintiff's credit report.

68.     As a direct and proximate result of Equifax's breach of its duties, Plaintiff suffered actual damages, as are more fully described above.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Equifax for actual damages, compensatory damages, as well as other relief permitted under the law.

## COUNT VI
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## BY GREAT LAKES

69.     Plaintiff repeats the allegations contained in paragraphs 1 through 33 above and incorporates them as if specifically set forth at length herein.

70.     At all times pertinent hereto, Great Lakes was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

71.     Plaintiff does not have any student loans.

72.     Great Lakes did not service any of Plaintiff's loans.

73.     Plaintiff transmitted to Equifax that the three student loan tradelines on her credit report did not in fact belong to Plaintiff, on three successive occasions.

11

74.     Equifax transmitted Plaintiff's dispute to Great Lakes three times, to no avail; Great Lakes continued posting erroneous information on Plaintiff's credit report, paying no significant detail to Plaintiff's consistent dispute.

75.     A reasonable investigation would have resulted in discovery of the fact that Plaintiff did not in fact have any account with Great Lakes, and they were collecting/reporting on the wrong person.

76.     Despite Plaintiff's multiple attempts to dispute the erroneous trade lines, Great Lakes simply refused to provide a reasonable investigation into whether they were actually collecting/reporting on the correct person.

77.     Refusing to investigate the matter reasonably, despite Plaintiff's continued attempts to correct Great Lakes errors, demonstrates that Great Lake's actions, or failure to take actions, were both negligent and willful.

78.     Great Lakes knew or had reasonable cause to believe that Plaintiff did not in fact owe any student loans to Great Lakes or their subsidiaries.

79.     By placing the initial erroneous trade lines on Plaintiff's report, Great Lakes willfully and negligently supplied Equifax with information about Plaintiff that was false, misleading, and inaccurate in violation of 15 U.S.C. § 1681s-2(a).

80.     After receiving notice of all three of Plaintiff's dispute from Equifax, Great Lakes willfully and negligently failed to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed in violation of 15 U.S.C. § 1681s-2(b).

81.     Great Lakes willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

12

82.     Great Lakes willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

83.     Great Lakes willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

84.     Great Lakes willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

85.     Great Lakes is liable to Plaintiff for its FCRA violations in an amount to be determined by the trier of fact together with their reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o.

        WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Great Lakes for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT VII
## VIOLATION OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT 73 P.S. § 2270, *et seq.* AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW 73 P.S. § 201-1 *et seq.* BY GREAT LAKES

86.     Plaintiff repeats the allegations contained in paragraphs 1 through 33 above and incorporates them as if specifically set forth at length herein.

87.     Great Lakes is a creditor as that term is used and defined under 73 P.S. § 2270.3.

88.     Plaintiff is a consumer as that term is used and defined under 73 P.S. § 2270.3.

89.     Student loan debt is a loan of money which is obtained for personal, family, or household purposes and is therefore a debt as that term is used and defined under 73 P.S. § 2270.3.

13

90.     Great Lakes has placed three accounts on Plaintiff's credit report in attempt to collect on an alleged debt.

91.     The debt in question did not belong to Plaintiff.

92.     Despite Plaintiffs repeated requests to Great Lakes, through her disputes with Equifax, Great Lakes continued to collect from Plaintiff, on a debt that did not belong to her.

93.     Great Lakes' collection activities violate the following sections of Pennsylvania law:

    a.  A creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt in violation of 73 P.S. § 2270.4(5);

    b.  The false representation of the character, amount, or legal status of the debt in violation of 73 P.S. § 2270.4(5)(ii);

    c.  Communicating to any person credit information which is known or which should be known to be false in violation of 73 P.S. § 2270.4(5)(viii);

    d.  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 73 P.S. § 2270.4(5)(x); and

    e.  A creditor may not use unfair or unconscionable means to collect or attempt to collect any debt, in violation of 73 P.S. § 2270.4(6).

    WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Great Lakes for actual damages, treble damages, costs, interest, and attorney's fees.

## COUNT VIII
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## BY LEXIS

94.     Plaintiff repeats the allegations contained in paragraphs 1 through 33 above and incorporates them as if specifically set forth at length herein.

14

95.     At all times pertinent hereto, Lexis was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

96.     Plaintiff has never declared bankrupcty.

97.     Plaintiff has never received a judgment against her.

98.     Plaintiff transmitted to Equifax that this information was erroneous on at least four separate occasions over the span of eight (8) months.

99.     Disputes transmitted to Equifax contained Plaintiff's personal information.

100.    A reasonable investigation would have identified that the personal information of that individual with the bankruptcy and judgment did not match with Plaintiff's personal information.

101.    A reasonable investigation would have uncovered that Plaintiff's specific personal information was not tied to any bankruptcy or any judgment.

102.    Defendant did not provide a reasonable investigation of any of Plaintiff's disputes, displaying a reckless disregard for Plaintiff's rights.

103.    Further, Plaintiff's disputes made clear that her identity was being confused with that of another; yet Lexis did not consider this or investigate it.

104.    Upon information and belief, Lexis does not have reasonable procedures in place that adequately tie a consumer's personal information to information of those public records it furnishes to the credit reporting agencies.

105.    Upon information and belief, Lexis does not have adequate procedures in place to investigate a consumer dispute that requires the investigation of a consumer's personal information, and the pairing of the consumer's personal information to the information that Lexis furnishes to the credit bureaus.

15

106.    Despite the numerous disputes, Lexis continued posting the erroneous information on Plaintiff's credit report.

107.    Refusing to investigate the matter reasonably, despite Plaintiff's continued attempts to correct Lexis's errors, demonstrates that Lexis's actions, or failure to take actions, were both negligent and willful.

108.    By placing the initial erroneous trade lines on Plaintiff's report, Lexis willfully and negligently supplied Equifax with information about Plaintiff that was false, misleading, and inaccurate in violation of 15 U.S.C. § 1681s-2(a).

109.    After receiving notice of at least four of Plaintiff's disputes from Equifax, Lexis willfully and negligently failed to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed in violation of 15 U.S.C. § 1681s-2(b).

110.    Lexis willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

111.    Lexis willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

112.    Lexis willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

113.    Lexis willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

16

114.    Lexis is liable to Plaintiff for its FCRA violations in an amount to be determined by the trier of fact together with their reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Lexis for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT IX
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## BY TSI

115.    Plaintiff repeats the allegations contained in paragraphs 1 through 33 above and incorporates them as if specifically set forth at length herein.

116.    On a date better known by TSI, TSI began collecting an alleged debt from Plaintiff by posting a collections trade line on her report for a medical debt.

117.    Medical debt is a debt used for personal, family, or household purposes.

118.    Plaintiff had never incurred the debt which TSI was collecting upon.

119.    By collecting against Plaintiff for a debt due and owed by another, TSI violated 15 U.S.C. § 1692e, e(2), e(10).

120.    The FDCPA is a strict liability statute.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against TSI for the statutory and actual damages, along with costs, interest, and attorney's fees.

## COUNT X
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## BY FALLS

121.    Plaintiff repeats the allegations contained in paragraphs 1 through 33 above and incorporates them as if specifically set forth at length herein.

17

122.    On a date better known by Falls, Falls began collecting an alleged debt from Plaintiff by posting a collections trade line on her report for a medical debt.

123.    Medical debt is a debt used for personal, family, or household purposes.

124.    Plaintiff had never incurred the debt which Falls was collecting upon.

125.    By collecting against Plaintiff for a debt due and owed by another, Falls violated 15 U.S.C. § 1692e, e(2), e(10).

126.    The FDCPA is a strict liability statute.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Falls for the statutory and actual damages, along with costs, interest, and attorney's fees.

## COUNT XI
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## BY AMCOL

127.    Plaintiff repeats the allegations contained in paragraphs 1 through 33 above and incorporates them as if specifically set forth at length herein.

128.    On a date better known by Amcol, Amcol began collecting an alleged debt from Plaintiff by posting a collections trade line on her report for a medical debt.

129.    Medical debt is a debt used for personal, family, or household purposes.

130.    Plaintiff had never incurred the debt which Amcol was collecting upon.

131.    By collecting against Plaintiff for a debt due and owed by another, Amcol violated 15 U.S.C. § 1692e, e(2), e(10).

132.    The FDCPA is a strict liability statute.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Amcol for the statutory and actual damages, along with costs, interest, and attorney's fees.

## COUNT XII
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## BY AMERI

133.    Plaintiff repeats the allegations contained in paragraphs 1 through 33 above and incorporates them as if specifically set forth at length herein.

134.    On a date better known by Ameri, Ameri began collecting alleged debts from Plaintiff by posting no less than fourteen (14) collections trade lines on her report for alleged medical debts.

135.    Medical debt is a debt used for personal, family, or household purposes.

136.    Plaintiff never incurred the fourteen (14) debtst which Ameri was collecting upon.

137.    By collecting against Plaintiff for debts due and owing by another, Ameri violated 15 U.S.C. § 1692e, e(2), e(10).

138.    The FDCPA is a strict liability statute.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Ameri for the statutory and actual damages, along with costs, interest, and attorney's fees.

## COUNT XIII
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## BY AMERI

139.    Plaintiff repeats the allegations contained in paragraphs 1 through 33 above and incorporates them as if specifically set forth at length herein.

140.    At all times pertinent hereto, Ameri was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

141.    On a date better known by Ameri, Ameri began furnishing information to the credit bureaus for alleged debts due and owing by Plaintiff.

142.    To this end, Ameri posted fourteen (14) separate collections trade lines on her report for alleged medical debts.

19

143.    Plaintiff transmitted to Equifax that this information was erroneous on at least four separate occasions over the span of eight (8) months.

144.    The disputes transmitted to Equifax contained Plaintiff's personal information and made clear that these trade lines were unverified and not hers.

145.    A reasonable investigation would have identified that the personal information of that individual with those fourteen (14) collection accounts did not match with Plaintiff's personal information.

146.    A reasonable investigation would have uncovered that Plaintiff's specific personal information was not tied to those fourteen (14) collection accounts.

147.    Defendant did not provide a reasonable investigation of any of Plaintiff's disputes.

148.    Upon information and belief, Ameri does not have reasonable procedures in place that adequately tie a consumer's personal information to information of those accounts it furnishes to the credit reporting agencies.

149.    Upon information and belief, Ameri does not have adequate procedures in place to investigate a consumer dispute that requires the investigation of a consumer's personal information, and the pairing of the consumer's personal information to the information that Ameri furnishes to the credit bureaus.

150.    Despite the numerous disputes, Ameri continued posting the erroneous information on Plaintiff's credit report.

151.    Refusing to investigate the matter reasonably, despite Plaintiff's continued attempts to correct Ameri's errors, demonstrates that Ameri's actions, or failure to take actions, were both negligent and willful.

152.     By placing the initial erroneous trade lines on Plaintiff's report, Ameri willfully and negligently supplied Equifax with information about Plaintiff that was false, misleading, and inaccurate in violation of 15 U.S.C. § 1681s-2(a).

153.     After receiving notice of each of Plaintiff's dispute from Equifax, Ameri willfully and negligently failed to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed in violation of 15 U.S.C. § 1681s-2(b).

154.     Ameri willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

155.     Ameri willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

156.     Ameri willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

157.     Ameri willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

158.     Ameri is liable to Plaintiff for its FCRA violations in an amount to be determined by the trier of fact together with their reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Ameri for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.


Dated this 22nd day of April, 2016.


                                    Respectfully Submitted,


                                    _____
                                    Daniel Zemel (*admitted Pro Hac Vice*)
                                    Zemel Law LLC
                                    70 Clinton Ave.
                                    Newark, New Jersey 07114
                                    Telephone No.: 862-227-3106
                                    E-Mail: dz@zemellawllc.com